UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

JULIA REED                                                                                    PLAINTIFF

V.

AMERICAN EAGLE AIRLINES, INC.

and

AMERICAN AIRLINES, INC.                                                        DEFENDANT

## COMPLAINT WITH JURY DEMAND

Comes now the Plaintiff, by and through counsel, and for her cause of action against the Defendants states as follows:

## PRELIMINARY STATEMENT

1. This is a damages action under 42 U.S.C. §12101, *et seq.*, The Americans with Disabilities Act ("ADA"), as amended, and supplemental state law claims against the Defendants for disability discrimination.

## PARTIES AND JURISDICTION

Plaintiff incorporates by reference all preceding paragraphs and further alleges as follows:

2. At all relevant times herein, Plaintiff, Julia Reed, was an adult female individual and resident of Newport, Campbell County, Kentucky, and is employed with Defendant American Eagle Airlines, Inc. and/or American Airlines, Inc. at Defendant(s) terminal located at the Cincinnati/Northern Kentucky International Airport ("CVG") in Hebron, Boone County, Kentucky. Plaintiff is an employee within the meaning of 49 U.S.C. §12111(4) and K.R.S. §344.030(5).

3. At all relevant times herein, Defendant, American Eagle Airlines, Inc. (hereinafter "AEA"), was a Kentucky Foreign Corporation with its principal place of business in Fort Worth, Texas, and

1

conducting business in the Commonwealth of Kentucky at CVG in Hebron, Boone County, Kentucky. Defendant AEA is an employer within the meaning of 42 U.S.C. §12111(5)(A) and K.R.S. §344.030(2).

4. At all relevant times herein, Defendant, American Airlines, Inc. (hereinafter "AA"), was a Kentucky Foreign Corporation with its principal place of business in Fort Worth, Texas, and conducting business in the Commonwealth of Kentucky at CVG in Hebron, Boone County, Kentucky. Defendant AA is an employer within the meaning of 42 U.S.C. §12111(5)(A) and K.R.S. §344.030(2).

5. The Plaintiff filed charges with the Equal Employment Opportunity Commission on April 29, 2011 alleging on going disability discrimination that at the time of filing had occurred through January 10, 2011.

6. The Equal Employment Opportunity Commission issued a Notice-of-Right-to-Sue letter on September 24, 2012 which was received by the Plaintiff, upon information and belief, two to three days after that date by mail. The Plaintiff has exhausted all required administrative remedies.

7. Jurisdiction is conferred on this Court pursuant to 42 U.S.C. §12117

8. Jurisdiction over the state law claims is conferred upon this Court by 28 U.S.C. § 1367, which provides for supplemental jurisdiction over state law claims which are so related to the federal law claims that they form one case or controversy for Article III purposes.

9. Venue in this district is proper pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

Plaintiff incorporates by reference all preceding paragraphs and further alleges as follows:

10. Plaintiff is employed as a Ramp/Ticket Agent for Defendant AEA and/or AA.

11. At all times referenced herein, Plaintiff suffers from and/or has suffered from severe asthma with exacerbations occurring with exposure to extreme temperatures and irritants. Her physical impairment

substantially limits the major life activities of breathing, working, walking, running, and respiratory functions.

12. In addition to the major life activities substantially limited by the Plaintiff's physical impairment, and at all times referenced herein, the Plaintiff has and/or had a record of such physical impairment.

13. At all times referenced herein, Defendants were aware of the Plaintiff's condition and physical impairment.

14. At all times referenced herein, the Plaintiff is and/or was a "qualified individual with a disability" as defined under 42 U.S.C. §12111(8) and K.R.S. §344.030 such that she can, with reasonable accommodation, perform the essential functions of her job with Defendants.

15. As part of her job duties, the Plaintiff works both inside in Defendants terminal at CVG, on the ramp leading to an airplane, and occasionally outside of the terminal building. Outside of the building, the Plaintiff is occasionally exposed to extreme temperatures, fumes, gases, and other irritants that cause, and that have caused, her to suffer asthma "attacks" and/or exacerbations of her asthmatic condition.

16. On or about October 7, 2009 the Plaintiff requested a work accommodation with Defendant(s) as the result of her asthmatic condition and restrictions placed upon her by her physician indicating she was to avoid fumes, gases, dust, temperatures at or below 32 degrees Fahrenheit, exercise, exertion and any other airway irritants know to trigger an asthma attack. Specifically, the Plaintiff requested permission to work inside Defendants terminal at CVG in extreme cold/heat conditions and be permitted to seek use of her nebulizer to address an asthma attack and/or exacerbation.

17. On or about December 1, 2009, Defendants responded to this request by informing the Plaintiff her essential job functions require her to work in variable weather conditions and around potentially irritating fumes, gases, and other irritants and, therefore, would not allow her to work exclusively

indoors during times of extreme cold/heat conditions. Defendants did agree to allow her to use her nebulizer to address onsets of asthma attacks and/or exacerbations of her asthmatic condition.

18. As a result of the Defendants failure to accommodate the Plaintiff by allowing her work inside during extreme weather the Plaintiff continued to experience asthma attacks and/or exacerbation of her asthmatic condition. The continuing issues eventually caused the Plaintiff to miss work.

19. The Plaintiff requested, and was provided with, leave protected under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* ("FMLA").

20. Ultimately, the Plaintiff exhausted her FMLA protected leave.

21. On or about February 15, 2010 the Plaintiff requested an accommodation from Defendants for additional leave from December 19, 2009 to January 10, 2010.

22. On or about March 12, 2010 the Plaintiff again requested an accommodation from Defendants for additional leave from February 10, 2010 to March 14, 2010.

23. On April 2, 2010, the Defendant responded to the accommodation request of February 15, 2010 by indicating the request was "outside the scope and authority" of the body that reviews accommodation requests for Defendant(s) and did not approve the accommodation request.

24. On or about March 17, 2010 Defendant acknowledged receipt of the Plaintiff's March 12, 2010 request but the Plaintiff did not receive a response concerning the requested accommodation.

25. On or about January 10, 2011 the Defendant took disciplinary action against the Plaintiff in the form of a written warning/First Step Advisory concerning her attendance. The warning indicated the Plaintiff had incurred a total of nine "lost time" occurrences for a total of 352.5 hours between January 1, 2010 and January 10, 2011.

26. On or about February 25, 2011 the Plaintiff requested another accommodation from Defendants for a work schedule that would allow her to miss five to ten days a month in anticipation of, what were

now, routine asthma attacks and exacerbations of her asthmatic condition. The Plaintiff additionally requested an accommodation to work inside Defendants terminal at CVG is extreme hot and cold weather when her asthmatic condition was exacerbated.

27. The Defendants did not respond to this request.

28. Upon information and belief, other similarly situated employees who do not suffer from disability(ies) such as the Plaintiff were not required to work outside of the Defendants terminal building at CVG. Instead, these employees were permitted to work exclusively indoors or on the ramp to the airplanes.

## COUNT I

### (DISABILITY DISCRIMINATION/FAILURE TO ACCOMMODATE)

Plaintiff incorporates by reference all preceding paragraphs and further alleges as follows:

29. The facts as alleged herein constitute direct evidence of disability discrimination in violation the ADA and K.R.S. §344.010, *et seq.*

30. In the alternative, at all times herein, the Plaintiff was a qualified individual with a disability, and as such, was a member of the class of protected individuals under the ADA and K.R.S. §344.010, *et seq.*

31. The Plaintiff suffered intentional discrimination as the result of her status in her protected class. Similarly situated individuals outside of her protected class of individuals and/or other individuals outside of her protected class were treated more favorably. Additionally, the Defendant(s) failed to provide the Plaintiff reasonable accommodations to perform her essential job functions.

32. As a proximate result of the Defendants actions as set forth above the Plaintiff has suffered and continues to suffer irreparable harm, including but not limited to loss of income, benefits, and other valuable job rights.  Plaintiff has suffered from and continues to suffer from emotional distress all for which she should be compensated.

33.     As such, the above actions by the Defendants constitute unlawful discrimination in violation of the ADA and KRS § 344.010 (2005), *et seq*.

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

a.      For all back pay, pre-judgment interest, fringe benefits, and any other appropriate relief necessary to make Plaintiff whole, and compensate her for the civil rights violations described above;

b.      For Plaintiff's costs herein expended, including reasonable attorney's fees;

c.      For injunctive relief requiring the Defendant(s) to provide reasonable accommodation;

d.      For a trial by jury; and

e.      For any and all other relief to which Plaintiff appears entitled.

        RESPECTFULLY SUBMITTED,

        ROUSH & STILZ, P.S.C

        /s/ W. Kash Stilz, Jr.  
        W. KASH STILZ, JR. (KBA# 89680)  
        19 West Eleventh Street  
        Covington, Kentucky 41011-3003  
        (859) 291-8400  
        (859) 291-6555 facsimile  
        kash@roushandtilzlaw.com  
        ATTORNEYS FOR PLAINTIFF